UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER LANCE obo ARL,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

                                /

Case No. 1:14-CV-562

HON. ROBERT HOLMES BELL

**OPINION**

This is a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review of the Commissioner of Social Security's partially favorable decision finding Claimant disabled from April 11, 2011, through September 30, 2012, but not thereafter. (ECF No. 7-2, PageID #54-62.) Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. She asks the court to overturn the Commissioner's decision on the following grounds:

    1.    The ALJ committed reversible error by finding that [Claimant's] entitlement to benefits had ended on a date which did not coincide with any treatment.
    2.    The ALJ committed reversible error by improperly weighing the evidence.
    3.    The ALJ committed reversible error by finding that [Claimant] had no mental impairments.

(Pl.'s Br. at 13.)

**I.**

On April 14, 2011, Plaintiff filed an application for supplemental security income

(SSI) benefits on behalf of Claimant. Her claim was denied on initial review. Plaintiff received a hearing before an Administrative Law Judge (ALJ) on October 11, 2012, at which she was represented by counsel. On December 28, 2012, the ALJ issued his partially favorable decision finding that Claimant was disabled from April 11, 2011, through September 30, 2012, but not thereafter. On March 25, 2014, the Appeals Council denied review, and the ALJ's decision became the Commissioner's final decision. Plaintiff now seeks judicial review of the Commissioner's decision.

Claimant was born on October 16, 2006, and was a preschooler on April 11, 2011, the date her application for supplemental security income was filed. (ECF No. 7-2, PageID #54.) The ALJ found that, from April 11, 2011, through September 30, 2012, Claimant had the following severe impairments: "Disorders of the gastrointestinal system with GERD, dysphasia, delayed gastric emptying, kidney and acid reflux; history of asthma[.]" (*Id.*) After finding that these impairments caused an extreme limitation in Claimant's health and physical well-being, the ALJ found that Claimant was under a disability from April 11, 2011, through September 30, 2012. (*Id.* at 55-56.)

On March 1, 2011, Claimant underwent a Nissen fundoplication procedure. (*Id.* at 55.) Claimant had surgery to repair her teeth and gums in January 2012. (*Id.* at 56.) On the date of the ALJ's decision, the ALJ found that Claimant had not developed any new impairments since October 1, 2012. (*Id.* at 56.) The ALJ found that Claimant's medical condition improved as of October 1, 2012; as of that date, Claimant had a marked limitation in only one

domain–health and physical well-being. (*Id.* at 60.) Because Claimant did not have a combination of impairments that resulted in either marked limitations in two domains of functioning or an extreme limitation in one domain of functioning, the ALJ ruled that Claimant's disability ended on October 1, 2012. (*Id.* at 62.)

## II.

When reviewing the grant or denial of social security benefits, this Court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the Court's review is limited. *Buxton*, 246 F.3d at 772. The Court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion . . . . This is so

because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.3d 342, 347 (6th Cir. 1993); *see Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").

### III.

**A. The ALJ Properly Determined the Entitlement Termination Date**

Plaintiff first argues that the ALJ "arbitrarily ended ARL's right to benefits by choosing a date to terminate those benefits which did not coincide with any medical treatment." (Pl.'s Br. at 15.) Plaintiff cites to *Mueller v. Comm'r of Soc. Sec.*, 1:09-cv-695 (W.D. Mich. July 6, 2012) (ECF No. 13) in support of her argument that the ALJ picked an arbitrary date to terminate benefits because there exists no medical record generated on that date. In *Mueller*, this Court adopted the Magistrate Judge's finding, which held that the ALJ's conclusion that the claimant experienced medical improvement on a specific date "appears to be an arbitrary date . . . not related to any particular occurrence or examination." (*Id.* at 4.) As the Sixth Circuit has stated, and this Court has recognized, however, no "smoking gun medical documents" from a specific date are required to uphold an ALJ's decision that medical improvement has occurred. *White v. Comm'r of Soc. Sec.*, 572 F.3d

272, 285 (6th Cir. 2009). Rather, "the ALJ's determination as to the date on which a claimant's disability ended must simply be 'not so wholly arbitrary so as to carry the ALJ's decision outside the zone of choice that the ALJ possesses in rendering disability decisions.'" *Bronsink ex rel. Lovely v. Comm'r of Soc. Sec.*, No. 1:10-cv-458, 2011 WL 4579603, at *14 (W.D. Mich. Sept. 15, 2011) (quoting *White*, 572 F.3d at 285).

Contrary to Plaintiff's view, this Court finds substantial evidence supporting the ALJ's finding of medical improvement on October 1, 2012. On March 1, 2011, Claimant underwent a surgery to correct GERD. On September 18, 2012, Dr. Kosta met with and examined Claimant. (ECF No. 7-9, PageID #531.) The ALJ notes that, by all indications, the September 2012 examination showed major signs of improvement in Claimant's condition. Claimant "underwent a normal upper GI test, and a scan that revealed that the Nissen fundoplication was intact. The claimant swallowed normally and the entire test was within normal limits. She had normal stomach and gastric emptying and there was no evidence of GERD." (ECF No. 7-2, PageID #61.) The "September 2012 scan of her stomach revealed that the surgically impaired region had improved. She had the ability to eat foods that are more normal and the underlying health problems were less prominent." (*Id.* at 56.) "[C]linical records from August 2012 through October 2012 refer to improvement in the stomach." (*Id.* at 58.) While no "smoking gun" medical document exists showing improvement on October 1, 2012, given the September 2012 examination results and other reports considered by the ALJ, the date chosen by the ALJ was not "so wholly arbitrary as

to carry the ALJ's decision outside the 'zone of choice' that the ALJ possesses in rendering disability decisions." *See White*, 572 F.3d at 285. Accordingly, Plaintiff's argument is rejected.

**B. The ALJ Properly Assessed the Medical Evidence**

Plaintiff argues that the ALJ committed reversible error in the sources that he gave weight to when determining that Claimant had no mental impairment (Pl.'s Br. at 13.) Plaintiff argues that the ALJ improperly considered the residual functional capacity (RFC) findings of a non-examining psychologist. (Pl.'s Br. at 14.) Plaintiff asserts that doing so is inconsistent with the holding of *Gayheart v. Commissioner of Social Security*, 710 F.3d 365 (6th Cir. 2013). In *Gayheart*, the Sixth Circuit stated:

> As a general matter, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a 'nonexamining source'), and an opinion from a medical source who regularly treats the claimant (a 'treating source') is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a 'nontreating source').

*Id.* at 375 (internal citations omitted).

**1. Therapist Susan Van Allsburg**

The ALJ gave no weight to a report from therapist Susan Van Allsburg on June 19, 2012. (ECF No. 7-8, PageID #504.)

> [Van Allsburg] offers a provisional diagnosis of ADHD and ODD, as well as an estimated GAF[1] of 45. The undersigned assigns no weight to this report.

---

[1]"GAF is a clinician's subjective rating, on a scale of zero to 100, of an individual's
(continued...)

> This individual is not an acceptable treating source, and had only met with the child briefly prior to offering this diagnosis. The therapist accepted every statement and allegation from the mother, and wrote those subjective allegations into the report as if they were verified. The therapist states that the child was 'assessed by several doctors, CMHOC, and pathways,' and yet none of these documents are contained in this file. This report is inconsistent with the remaining treatment records, such as those of Dr. Bosscher, and those other clinical reports are due more weight than this Pathways report.

(*Id.*) Defendant interprets Plaintiff's brief to argue that "because Ms. Van Ausburg is a treating source, her opinion is entitled to controlling weight." (Def.'s Br. at 11.)

While "therapists do not qualify as 'acceptable medical sources' under the regulations, an ALJ must consider all relevant evidence in the case record." *Gayheart*, 710 F.3d at 378 (quoting Soc. Sec. Rul. No. 06-03p, 2006 WL 2329939, at *4 (Soc. Sec. Admin. Aug. 9, 2006)). Here, the ALJ did consider Van Allsburg's opinion, and his reasons for giving no weight to her opinion are valid. The ALJ noted that the therapist relied on "subjective allegations" from Claimant's mother, and did not include any medical data in her file. This goes to the supportability of the opinion. *Gayheart*, 710 F.3d at 378 (citing 20 C.F.R. § 404.2527) (finding the ALJ's reason for affording little weight to a therapist's opinion "well-founded" because the opinion "relies on [the plaintiff's] subjective claims rather than on detailed clinical data, which goes to the supportability of the opinion."). The ALJ's

---

[1](...continued)
overall psychological functioning." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 503 n.7 (6th Cir. 2006). "A GAF score may help an ALJ assess mental [residual functional capacity,] but it is not raw medical data. Rather, it allows a mental health professional to turn medical signs and symptoms into a general assessment, understandable by a lay person, of an individual's mental functioning." *Id.*

observation that Van Allsburg "only met with [Claimant] briefly" prior to making her diagnosis is also relevant. *See Gayheart*, 710 F.3d at 378 (citing 20 C.F.R. § 404.1527(c)(2)(I)). These reasons adequately support the amount of weight given to Van Allsburg's opinion.

### 2. Dr. Bosscher–Treating Physician

The ALJ also considered a report from Dr. Bosscher of Holland Community Health. (*Id.* at 61). At the time of Van Allsburg's report, Dr. Bosscher was Claimant's primary care physician. (ECF No. 7-8, PageID #506.) The ALJ notes that Bosscher had a "long term treating relationship" with Claimant. As such, Bosscher is a treating source. 20 C.F.R. § 404.1502.[2] The record shows that Bosscher met with Claimant on March 28, 2012, (*Id.* at 468) and on April 25, 2012.(*Id.* at 474.) On March 28, Bosscher wrote, "I agree that [Claimant] has ADHD which might benefit from a dose of medication." (*Id.* at 471.) On April 25, Bosscher wrote, "ADHD . . . doing much better altho med seems to 'wear off' in the evening." (*Id.* at 476.)

While it is not clear whether Plaintiff is referring to Van Allsburg or Dr. Bosscher, Plaintiff argues that the ALJ erred because he did not "'give good reasons' for not giving weight to a treating physician in the context of a disability determination in accordance with 20 C.F.R. Section 404.1527(d)(2)." Under the "treating physician rule," the ALJ must "give

---

[2] "Treating source means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1502.

a treating source's opinion controlling weight if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (quoting 20 C.F.R. § 404.1527(d)(2)). If the ALJ fails to give controlling weight to a treating source's opinion, the ALJ must: (1) "clarify whether [the treating source's opinion] was not well-supported by medically acceptable clinical and laboratory diagnostic techniques or was inconsistent with the other substantial evidence in the case record . . . identify[ing] the evidence supporting such a finding"; and (2) "explain [the] application of the factors listed in 20 C.F.R. § 404.1527(c)(2) to determine the weight to give to [the treating physician's] opinion." *Johnson-Hunt v. Comm'r of Soc. Sec.*, 500 F. App'x 411, 418 (6th Cir. 2012) (internal citations and quotation marks omitted).

Here, it is not clear whether the ALJ gave controlling weight to the treating source's opinion. The ALJ stated that he found Bosscher's opinion "quite relevant as Dr. Bosscher has a long term treating relationship and he is able to assess [Claimant's] functional capacity over the period at issue." (ECF No. 7-2, PageID #61.) Even assuming that the ALJ did not give controlling weight to Bosscher's opinion, however, his failure to give good reasons for not doing so is not cause for reversal. The Sixth Circuit has stated that "a failure to give good reasons can be deemed harmless error if . . . the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion[.]" *Johnson-Hunt*, 500 F. App'x at 419 (6th Cir. 2012) (citing *Cole*, 661 F.3d at 940). The ALJ noted that Dr.

9

Bosscher's report "is consistent with other clinical notes in file detailing a gradual, yet steady improvement in [Claimant's] functional capacity during 2012." (ECF No. 7-2, PageID #61.) Because the ALJ made findings consistent with Bosscher's opinion, his failure to give good reasons for not assigning controlling weight to Bosscher's opinion constitutes harmless error.

### 3. Dr. Weintraub and Dr. Schirado–Nonexamining Sources

While Plaintiff does not explicitly say so, she appears to take issue with the fact that the ALJ afforded "significant weight" to the opinions of Dr. Schirado and Dr. Weintraub, two "nonexamining sources." The ALJ stated:

> The opinions of DDS medical consultants Dr. Weintraub, and Dr. Schirado are afforded significant weight in this matter. Both of these non-examining sources evaluated the evidence and concluded that she has at least a marked restriction or limitation in this domain of health and physical well-being. Dr. Schirado evaluated the mental health allegations, as he is a psychiatric specialist at the DDS. Dr. Schirado noted that [Claimant's] mental health impairments have improved during the period at issue. [Claimant] carried provisional diagnoses of ADHD and a mood disorder and these do not impact her ability to participate in most activities. As of 10/2009 she was not involved in special education services at school. A May 2011 letter from Head start refers to her as energetic, highly active and within normal limits developmentally and intellectually. Dr. Schirado concluded that this child had no determinable, severe mental health impairments as of 3/2011.

(ECF No. 7-2, PageID #56.)

In *Gayheart*, the Sixth Circuit provided guidance to ALJs regarding how to assess opinions from nonexamining sources:

> [O]pinions from nontreating and nonexamining sources are never assessed for "controlling weight." The Commissioner instead weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed

> controlling. 20 C.F.R. § 404.1527(c). Other factors "which tend to support or contradict the opinion" may be considered in assessing any type of medical opinion. *Id.* § 404.1527(c)(6).

710 F.3d at 376. While the ALJ gave the opinions of Weintraub and Schirado "significant weight," there is no indication in the record that the opinions were entitled to "controlling weight." Further, consistent with 20 C.F.R. § 404.1527(c)(6), the ALJ pointed to the specialization and consistency of the nonexamining sources, noting that Dr. Schirado is a "psychiatric specialist" and that Dr. Bosscher's opinions were consistent with Dr. Schirado's. Accordingly, the ALJ's decision to give significant weight to Dr. Schirado and Dr. Weintraub's opinions is supported by substantial evidence.

Plaintiff further argues that weight was improperly given to these nonexamining sources because they "could not possibly have seen most of the evidence regarding [Claimant's] mental impairments in the Record" given that their "opinion was issued long before August 1, 2012." (Pl.'s Br. at 14.) "When an ALJ relies on a non-examining source who did not have the opportunity to review later submitted medical evidence, especially when that evidence reflects ongoing treatment," the Sixth Circuit requires "some indication that the ALJ at least considered these [new] facts before giving greater weight to an opinion that is not based on a review of a complete case record." *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 642 (6th Cir. 2013) (internal citations and quotation marks omitted). Here, the ALJ considered the June 2012 report from Van Allsburg and the September 2012 report from Dr. Kosta before making his decision. Accordingly, Plaintiff's claim lacks merit.

**C. The ALJ Properly Evaluated Plaintiff's Mental Impairment**

Lastly, Plaintiff argues that the ALJ committed reversible error when finding that Claimant had no mental impairment. (Pl.'s Br. at 16.) Claimant took a Global Assessment of Function (GAF) test, and Plaintiff emphasizes that "[t]he mere fact that GAF scores were assigned to ARL indicates that some mental impairment was present[.]" (Pl.'s Reply Br. at 4.) Plaintiff also argues that Claimant's ADHD diagnosis and Claimant's pediatrician's comments that "as early as July 16, 2010, . . . there appeared to be a significant behavioral component to her impairments" are evidence of Claimant's mental impairment. (Pl.'s Br. at 16.) The Court finds that substantial evidence exists supporting the ALJ's conclusion that Claimant had no severe mental health impairments.

The Sixth Circuit has stated that it is "not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score[.]" *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 511 (6th Cir. 2006) (citing *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002)). The ALJ considered Dr. Bosscher's April 2012 report that [Claimant's] "ADHD [was] doing much better." (ECF No. 7-2, PageID #61.) The ALJ also noted that "Dr. Schirado concluded that [Claimant] had no determinable, severe mental health impairments as of 3/2011" and that Claimant's "teacher reports that she has no problems with paying attention or focusing." (*Id.* at 56.) Because substantial evidence exists supporting the finding that Claimant had no severe mental health impairment, the Commissioner's decision cannot be overturned. *See Bogle*, 998 F.3d at 347.

**IV.**

For the reasons stated above, the Court will deny Plaintiff's request to reverse the Commissioner's final decision.

A judgment will enter in accordance with this opinion.


Dated: September 9, 2015 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE